**KLUGER HEALEY, LLC**
William H. Healey, Esq.
Jillian T. Stein, Esq.
521 Newman Springs Road, Suite 23
Lincroft, New Jersey 07738
P (732) 852-7500
F (888) 635-1653
whealey@klugerhealey.com
jstein@klugerhealey.com
Attorneys for Defendant Phil Frank

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELISE LAWLESS,<br><br>                    Plaintiff,<br>vs.<br><br>HASHOFF, LLC, TRINET HR III, INC., PHIL FRANK, ABC COMPANIES (1-10) (fictitious names of unknown entities) and (JOHN/JANE DOES (1-10) (fictitious names of unknown persons),<br><br>                    Defendants. | CASE NO. 3:23-cv-02334-PGS-JBD<br><br>**ANSWER AND SEPARATE DEFENSES OF DEFENDANT PHIL FRANK** |

Defendant Phil Frank ("Defendant"), through his attorneys, hereby respond to the Complaint ("Complaint") of Plaintiff Elise Lawless ("Plaintiff") as follows:

### AS TO FACTS COMMON TO ALL COUNTS

1.  Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 1 of the Complaint, and leaves Plaintiff to her proofs.

2.  Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 2 of the Complaint, and leaves Plaintiff to her proofs

3.  Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 3 of the Complaint, and leaves Plaintiff to her proofs.

4.  Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 4 of the Complaint, and leaves Plaintiff to her proofs.

5. The allegations set forth in Paragraph 5 of the Complaint are not factual assertions; no response is required. To the extent a response is required, Defendant denies the allegations contained in said paragraph.

6. The allegations set forth in Paragraph 6 of the Complaint are not factual assertions; no response is required. To the extent a response is required, Defendant denies the allegations contained in said paragraph.

7. The allegations set forth in Paragraph 7 of the Complaint are not factual assertions; no response is required. To the extent a response is required, Defendant denies the allegations contained in said paragraph.

8. Defendant admit, in part, the allegations of Paragraph 8 of the Complaint in that Charlie Thomas left Defendant Hashoff, LLC in or about December 2021, but lacks knowledge and/or information sufficient to admit or deny the remaining allegations of Paragraph 8 of the Complaint, and leaves Plaintiff to her proofs.

9. Defendant denies the allegations in Paragraph 9, except admits the title given to him was "Managing Director" and that he was Plaintiff's acting supervisor after Mr. Thomas's departure until her termination in March 2022.

10. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 10 of the Complaint, and leaves Plaintiff to her proofs.

11. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 11 of the Complaint, and leaves Plaintiff to her proofs.

12. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 12 of the Complaint, and leaves Plaintiff to her proofs.

13. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 13 of the Complaint, and leaves Plaintiff to her proofs.

14. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 14 of the Complaint, and leaves Plaintiff to her proofs.

15. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 15 of the Complaint, and leaves Plaintiff to her proofs.

16. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 16 of the Complaint, and leaves Plaintiff to her proofs.

17. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 17 of the Complaint, and leaves Plaintiff to her proofs.

18. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 18 of the Complaint, and leaves Plaintiff to her proofs.

19. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 19 of the Complaint, and leaves Plaintiff to her proofs.

20. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 20 of the Complaint, and leaves Plaintiff to her proofs.

21. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 21 of the Complaint, and leaves Plaintiff to her proofs.

22. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 22 of the Complaint, and leaves Plaintiff to her proofs.

23. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 23 of the Complaint, and leaves Plaintiff to her proofs.

24. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 24 of the Complaint, and leaves Plaintiff to her proofs.

25. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 25 of the Complaint, and leaves Plaintiff to her proofs.

26. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 26 of the Complaint, and leaves Plaintiff to her proofs.

27. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 27 of the Complaint, and leaves Plaintiff to her proofs.

28. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 28 of the Complaint, and leaves Plaintiff to her proofs.

29. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 29 of the Complaint, and leaves Plaintiff to her proofs.

30. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 30 of the Complaint, and leaves Plaintiff to her proofs.

31. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 31 of the Complaint, and leaves Plaintiff to her proofs.

32. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 32 of the Complaint, and leaves Plaintiff to her proofs.

33. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 33 of the Complaint, and leaves Plaintiff to her proofs.

34. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 34 of the Complaint, and leaves Plaintiff to her proofs.

35. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 35 of the Complaint, and leaves Plaintiff to her proofs.

36. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 36 of the Complaint, and leaves Plaintiff to her proofs.

37. Defendant admits the allegations of Paragraph 37 of the Complaint.

38. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 38 of the Complaint, and leaves Plaintiff to her proofs.

39. Defendant admits, in part, the allegations of Paragraph 39 of the Complaint in that on or about March 22, 2022, Plaintiff sent an email, refers to said email for its language and meaning and denies the remaining allegations of this Paragraph.

40. Defendant admits the allegations of Paragraph 40 of the Complaint.

41. Defendant refers to the email correspondence dated March 25, 2022 for its language and meaning and denies the allegations of Paragraph 41.

42. Defendant admits, in part, the allegations of Paragraph 42 in that he emailed Plaintiff on or about March 25, 2022, refers to said email for its language and meaning, and denies the remaining allegations of this Paragraph.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant admits the allegations of Paragraph 44 in that Plaintiff sent Defendant an email on or about March 25, 2022 and denies the remaining allegations of that paragraph.

45. Defendant refers to the March 25, 2022 email from Plaintiff for its language and meaning and denies the remaining allegations of this Paragraph.

46. Defendant refers to the March 25, 2022 email from Plaintiff for its language and meaning and denies the remaining allegations of this Paragraph.

47. Defendant refers to the March 25, 2022 email from Plaintiff for its language and meaning and denies the remaining allegations of this Paragraph.

48. Defendant refers to the March 25, 2022 email from Plaintiff for its language and meaning and denies the remaining allegations of this Paragraph.

49. Defendant admits, in part, the allegations in Paragraph 49 of the Complaint in that Plaintiff's employment was terminated on or about March 28, 2022, and denies the remaining allegations of this Paragraph.

50. Defendant admits, in part, the allegations in Paragraph 50 of the Complaint in that Plaintiff had performance deficiencies and denies the remaining allegations of this Paragraph.

51. Defendant admits, in part, the allegations in Paragraph 51 of the Complaint in that during his meeting with Plaintiff, Defendant indicated Plaintiff would not be paid commissions as directed, and denies the remaining allegations of this Paragraph.

52. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 52 of the Complaint, and leaves Plaintiff to her proofs.

53. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 53 of the Complaint, and leaves Plaintiff to her proofs.

54. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 8 of the Complaint, and leaves Plaintiff to her proofs.

55. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 8 of the Complaint, and leaves Plaintiff to her proofs.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant lacks knowledge and/or information sufficient to admit or deny the allegations of Paragraph 57 of the Complaint, and leaves Plaintiff to her proofs.

**AS TO FIRST COUNT**

58. Defendant repeats his Responses to the above Paragraphs as if fully set forth here.

59. In Response to the allegations in Paragraph 59 of the Complaint, Defendant states that they consist of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 59 of the Complaint and, therefore, denies same and leaves Plaintiff to her proofs thereon.

60. In Response to the allegations in Paragraph 60 of the Complaint, Defendant states that they consist of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 60 of the Complaint and, therefore, denies same and leaves Plaintiff to her proofs thereon.

61. In Response to the allegations in Paragraph 61 of the Complaint, Defendant states that they consist of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 61 of the Complaint and, therefore, denies same and leaves Plaintiff to her proofs thereon.

62. In Response to the allegations in Paragraph 62 of the Complaint, Defendant states that they consist of legal conclusions as to which no response is required. To the extent a response is required, Defendant admits that Defendant supervised Plaintiff. Except as so stated, Defendant denies the allegations in said Paragraph.

63. In Response to the allegations in Paragraph 63 of the Complaint, Defendant states that they consist of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 63 of the Complaint and, therefore, denies same and leaves Plaintiff to her proofs thereon.

64. Defendant denies sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 64 of the Complaint and, therefore, denies same and leaves Plaintiff to her proofs thereon.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

**WHEREFORE**, Defendant denies the relief demanded by Plaintiff is the Wherefore clause in the First Count of the Complaint.

## AS TO SECOND COUNT

73. Defendant repeats his Responses to the above Paragraphs as if fully set forth here.

74. The allegations of Paragraph 74 of the Complaint state a legal conclusion to which no response is required. To the extent a response may be necessary, Defendant denies said allegations, and leaves Plaintiff to her proofs.

75. The allegations of Paragraph 75 of the Complaint state a legal conclusion to which no response is required. To the extent a response may be necessary, Defendant denies said allegations, and leaves Plaintiff to her proofs.

76. The allegations of Paragraph 76 of the Complaint state a legal conclusion to which no response is required. To the extent a response may be necessary, Defendant denies said allegations, and leaves Plaintiff to her proofs.

77. The allegations of Paragraph 77 of the Complaint state a legal conclusion to which no response is required. To the extent a response may be necessary, Defendant denies said allegations, and leaves Plaintiff to her proofs.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

**WHEREFORE**, Defendant denies the relief demanded by Plaintiff is the Wherefore clause in the Second Count of the Complaint.

## AS TO THIRD COUNT

82. Defendant repeats his Responses to the above Paragraphs as if fully set forth here.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

**WHEREFORE**, Defendant denies the relief demanded by Plaintiff is the Wherefore clause in the Third Count of the Complaint.

## AS TO FOURTH COUNT

89. Defendant repeats his Responses to the above Paragraphs as if fully set forth here.

90. Defendant denies sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 90 of the Complaint and, therefore, denies same and leaves Plaintiff to her proofs thereon.

91. The allegations of Paragraph 91 of the Complaint state a legal conclusion to which no response is required. To the extent a response may be necessary, Defendant denies said allegations, and leaves Plaintiff to her proofs.

92. Defendant denies the allegations in Paragraph 92 of the Complaint.

93. Defendant refers to the email correspondence sent by Plaintiff for its language and meaning and denies the allegations of Paragraph 93 of the Complaint.

94. Defendant denies sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 94 of the Complaint and, therefore, denies same and leaves Plaintiff to her proofs thereon.

95. Defendant denies the allegations in Paragraph 95 of the Complaint.

96. Defendant denies the allegations in Paragraph 96 of the Complaint.

97. Defendant denies the allegations in Paragraph 97 of the Complaint.

**WHEREFORE**, Defendant denies the relief demanded by Plaintiff is the Wherefore clause in the Fourth Count of the Complaint.

## AS TO FIFTH COUNT

98. Defendant repeats his Responses to the above Paragraphs as if fully set forth here.

99. Defendant denies the allegations in Paragraph 99 of the Complaint.

100. Defendant denies the allegations in Paragraph 100 of the Complaint.

101. Defendant denies the allegations in Paragraph 101 of the Complaint.

102. Defendant denies the allegations in Paragraph 102 of the Complaint.

103. Defendant denies the allegations in Paragraph 103 of the Complaint.

104. Defendant denies the allegations in Paragraph 104 of the Complaint.

**WHEREFORE**, Defendant denies the relief demanded by Plaintiff is the Wherefore clause in the Fifth Count of the Complaint.

## AS TO SIXTH COUNT

105. Defendant repeats his Responses to the above Paragraphs as if fully set forth here.

106. Defendant denies sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 106 of the Complaint and, therefore, denies same and leaves Plaintiff to her proofs thereon.

107. The allegations of Paragraph 107 of the Complaint state a legal conclusion to which no response is required. To the extent a response may be necessary, Defendant denies said allegations, and leaves Plaintiff to her proofs.

108. Defendant denies the allegations in Paragraph 108 of the Complaint.

109. Defendant denies the allegations in Paragraph 109 of the Complaint.

110. Defendant denies the allegations in Paragraph 110 of the Complaint.

111. Defendant denies the allegations in Paragraph 111 of the Complaint.

**WHEREFORE**, Defendant denies the relief demanded by Plaintiff is the Wherefore clause in the Sixth Count of the Complaint.

<b><u>SEPARATE/AFFIRMATIVE DEFENSES</u></b>

<b><u>FIRST DEFENSE</u></b>

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

<b><u>SECOND DEFENSE</u></b>

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

<b><u>THIRD DEFENSE</u></b>

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, acquiescence, laches and/or unclean hands.

<b><u>FOURTH DEFENSE</u></b>

Any and all damages allegedly sustained by Plaintiff, if any, were proximately caused by, and were the sole responsibility of, third parties over whom Defendant exercised no control or authority.

<b><u>FIFTH DEFENSE</u></b>

The proximate cause of Plaintiff's alleged injuries, if any, was Plaintiff's own conduct and not that of Defendant.

<b><u>SIXTH DEFENSE</u></b>

Defendant did not engage in any unlawful practice or act.

<b><u>SEVENTH DEFENSE</u></b>

At all times, Defendant's actions were in accord with all applicable law, rules and regulations.

<b><u>EIGHTH DEFENSE</u></b>

Plaintiff is not entitled to compensatory, liquidated and/or punitive damages.

<b><u>NINTH DEFENSE</u></b>

All decisions made by Defendant with respect to Plaintiff (if any), and all actions taken with respect to Plaintiff (if any), were made in good faith and were based on legitimate and reasonable business-related factors.

## TENTH DEFENSE

Insofar as the Complaint seeks damages against Defendant, it must be dismissed in that Plaintiff has sustained no damage.

## ELEVENTH DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which an award of attorneys' fees and/or punitive damages can be granted.

## TWELFTH DEFENSE

Defendant did not terminate and/or retaliate against Plaintiff in violation of a public policy.

## THIRTEENTH DEFENSE

The alleged acts or omissions of Defendants were not the proximate cause of any injuries or damages allegedly incurred by Plaintiff.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or part, and/or her recovery of damages should be reduced, because of her failure to take reasonable steps to avoid or mitigate her alleged damages.

## FIFTEENTH DEFENSE

Defendant had legitimate non-retaliatory and non-discriminatory reasons for his business decisions as to Plaintiff (if any). Even if impermissible factors were considered, which Defendant denies were in any way a factor in any decision, the decisions with respect to Plaintiff would have been made even in the absence of such consideration.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

## SEVENTEENTH DEFENSE

While denying any of the acts complained of by Plaintiff, Defendant asserts that he did not intend to commit any of the alleged acts and/or the alleged emotional distress resulting therefrom.

## EIGHTEENTH DEFENSE

Insofar as Plaintiff purports to allege a claim or claims for negligence or for physical or mental and emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New Jersey Workers Compensation Act, N.J.S.A. 34:15-1, *et seq.*

## NINETEENTH DEFENSE

Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant.

## TWENTIETH DEFENSE

Plaintiff's claims for damages are barred or limited by Defendant's good faith efforts to comply with applicable law.

## TWENTY FIRST DEFENSE

Defendant acted at all times relevant hereto with good faith and without malice.

## TWENTY SECOND DEFENSE

Defendant did not aid or abet any unlawful conduct.

## TWENTY THIRD DEFENSE

Plaintiff has filed claims against Defendant that are not "well-grounded in fact and law" and, thus, were filed in bad faith. Defendant will seek any and all available remedies against Plaintiff and Plaintiff's counsel pursuant to the Federal Rules of Civil Procedure R. 11.

WHEREFORE, Defendant denies that he is liable to Plaintiff for any sum of money whatsoever, and requests that the Court dismiss the Complaint in its entirety and with prejudice, and award Defendant his costs, attorneys' fees, and such other and further relief as it deems just and proper.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend his Answer and to assert such additional affirmative and/or separate defenses as are made known to Defendant during discovery.

## DESIGNATION OF TRIAL COUNSEL

William H. Healey, Esq. is hereby designated as trial counsel for Defendant.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to L. Civ. R. 8.1, Defendant hereby demands that a written statement of all damages claimed by Plaintiff.

                                           KLUGER HEALEY, LLC
                                           Attorneys for Defendant Phil Frank

                                           By: */s/ Jillian T. Stein*
                                           Jillian T. Stein, Esq.
                                           William H. Healey, Esq.

                                           521 Newman Springs Road, Suite 23
                                           Lincroft, New Jersey 07738
                                           jstein@klugerhealey.com
                                           whealey@klugerhealey.com

Dated: May 3, 2023

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies that to the best of her knowledge, the matter in controversy is not the subject of any other pending action in any court or of any pending arbitration or administrative proceeding, as the State court action has been removed to this Court.

                                                                KLUGER HEALEY, LLC
                                                                Attorneys for Defendant Phil Frank

                                                                By: */s/ Jillian T. Stein*
                                                                       Jillian T. Stein, Esq.

Dated: May 3, 2023