UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Elise Lawless,<br><br>    Plaintiff,<br><br>v.<br><br>Hashoff, LLC, TriNet HR III, Inc., Phil Frank, ABC Companies (1-10) and Jane/John Does (1-10),<br><br>    Defendants. | Hon. Peter G. Sheridan, U.S.D.J.<br>Hon. J. Brendan Day, U.S.M.J.<br><br>Civil Action No. 3:23-cv-2334<br><br>**PROPOSED**<br>**JOINT DISCOVERY PLAN**<br><br>**In-Person Scheduling Conference:**<br>**June 20, 2023 at 11:00 a.m.** |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

*Attorneys for Plaintiff:*

Meghan Chrisner-Keefe, Esq.
**SMITH EIBELER, LLC**
101 Crawfords Corner Road, Suite 1-126
Holmdel, N.J. 07733
T: (732) 444-1300

*Attorneys for TriNet III, Inc.*

David E. Strand, Esq.
Teresa J. D'Andrea, Esq.
**FISHER PHILLIPS LLP**
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
T: (908) 516-1050

*Attorneys for Phil Frank*

William H. Healey, Esq,
Jillian T. Stein, Esq.
**KLUGER HEALEY LLC**
521 Newman Springs Road, Suite 23
Lincroft, New Jersey 07738
T: (732) 852-7500

**Attorneys for Hashoff LLC**

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

  Plaintiff Elise Lawless ("Plaintiff") alleges she was unlawfully terminated in violation of the New Jersey Conscientious Employee Protections Act (N.J.S.A. 34:19-1 *et seq*.), and for violations of the New Jersey Wage Payment Law (N.S.S.A. 34:11-4.1 *et seq*.), breach of

contract, unjust enrich, and breach of the covenant of good faith and fair dealing. Plaintiff was entitled to commissions earned. When Plaintiff inquired about the timing of the commission payment, Defendants informed her she was no longer entitled to commissions due to an alleged retroactive change. When Plaintiff complained and objected to the Company's refusal to pay the commissions she had earned, Defendants terminated Plaintiff's employment.

Defendant Phil Frank was retained by Hashoff, LLC as an independent contractor; he was never employed by Hashoff, LLC. At all times, Mr. Frank acted at the direction of Hashoff, LLC and its representatives with regard to all matters affecting Plaintiff.  Although Hashoff, LLC gave Mr. Frank the title of Managing Director and requested that he supervise Plaintiff, he did not hire Plaintiff, set her rate of pay or commission plan, nor did he ever control the offices where she worked or any other material aspects of her employment.

Defendant TriNet HR III, Inc. (TriNet"), is a professional employer organization that provides payroll processing and services, workers compensation insurance, and sponsoring welfare benefit plans to its customers and clients – which, at the time, included Hashoff, LLC (Hashoff LLC has since dissolved and is no longer a TriNet client).  TriNet did not hire Plaintiff, did not supervise or manage her, did not set her rate of pay, did not set her work schedule or determine her days or hours of work, did not own the offices where she worked, did not advise her on how to do her job, had no involvement with deciding the commissions earned or owed to her, and ultimately, did not terminate Elise Lawless.  Those decisions were made by Hashoff, LLC, who was Plaintiff's direct work site employer.

Defendant Hashoff, LLC has not filed an Answer to date.

3. Have settlement discussions taken place?     Yes [ ]  **No [x]**

    (a) What was plaintiff's last demand?

        (1) Monetary demand: **N/A**
        (2) Non-monetary demand: **N/A**

    (b) What was Defendants' last offer?

        **(1)** Monetary offer: **N/A**
        (2) Non-monetary offer: **N/A**

4. The parties **have** met pursuant to *Fed. R. Civ. P.* 26(f).

5. The parties **have** exchanged the information required by *Fed. R. Civ. P.* 26(a)(1).

6. Explain any problems in connection with completing the disclosures required by *Fed. R. Civ. P.* 26(a)(1). **None anticipated at this time.**

7. The parties **have not** filed disclosures of third-party litigation funding since there are no third-party litigation funding agreements.

8. The parties **have not** conducted discovery other than the above disclosures.

9. Proposed Joint Discovery Plan:

    (a) Discovery is needed on the following subjects:

    **(1) Plaintiff will require preliminary discovery concerning the need to prepare amended pleadings and the addition of necessary parties;**

    **(2) The factual and legal bases for Plaintiff's allegations, including information about Plaintiff's employment, her claimed commissions, her complaints and objections concerning payment of earned commissions and her termination from employment;**

    **(3) Plaintiff's claims for damages;**

    **(4) Plaintiff's efforts to mitigate damages; and**

    **(5) Defendants' defenses to Plaintiff's claims.**

    (b) Discovery **should not** be conducted in phases or be limited to particular issues.

    (c) Proposed schedule:

    (1) *Fed. R. Civ. P.* 26 Disclosures **have already been exchanged**.

    (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d). **The Parties do not anticipate the need for an e-discovery conference at this time.**

    (3) Service of initial written discovery requests **to be determined in light of the issues surrounding Hashoff LLC and Plaintiff's anticipated amendments**.

    (4) Maximum of **25** Interrogatories by each party to each other party.

    (5) Maximum of **10** depositions to be taken by each party, unless for good cause shown as determined by the Magistrate Judge. Plaintiff requests that she be permitted latitude to increase the number of necessary depositions dependent on her amended pleadings.

FP 47225881.1

      (6)    Motions to amend or to add parties to be filed by **to be determined in light of the issues surrounding Hashoff LLC and Plaintiff's need to amend her pleadings.**

      (7)    Factual discovery to be completed by **February 28, 2024**.

      (8)    Plaintiff's expert report (if any) due on **March 15, 2024**.

      (9)    Defendant's expert report (if any) due on **April 15, 2024**.

      (10)    Expert depositions (if any) to be completed by **May 30, 2024**.

      (11)    Dispositive motions to be served within **60** days of completion of discovery.

(d)    Set forth any special discovery mechanism or procedure requested. **None.**

(e)    A pretrial conference may take place on **a date to be determined by the Court.**

(f)    Trial date: **To be determined by the Court after the Court's decision on any dispositive motions. Plaintiff has requested a jury trial.**

10.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? **Yes [X]** No []. If so, please explain. **There may be out-of-state and out of country depositions of witnesses (some witness may be located in Canada).**

**The parties reserve the right to take videotaped depositions.**

**Plaintiff requests an Order that Defendants shall not contact or subpoena any of Plaintiff's prospective, current or subsequent employer(s) without first providing Plaintiff 30 days' notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena. If such a motion is filed, contact will not be initiated, or the subpoena will not be served, until the motion is ruled upon. Defendant Phil Frank consents to such an Order. Defendant TriNet does not consent to such an Order.**

11.    Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? **Yes [X]** No [].

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

**As it relates to the preservation of electronically stored information, the Parties agree that their preservation obligations will be consistent with L. Civ. R. 26.1(d), and that any discovery of electronically stored information will be made initially in hard copy format. The Parties further agree that they do not waive their right to seek supplemental discovery of such electronically stored information in its native format in accordance with the procedures set forth in L. Civ. R. 37.1. The Parties will preserve, and not destroy, discard, or alter, any employer, business, home or personal computers or other devices which may store electronic information (PDAs, cell phones, etc.). Any and all electronically-stored information shall be produced in pdf form, unless otherwise agreed to by the parties or ordered by the Court. The parties acknowledge there may be issues with ESI production from Hashoff LLC since it appears to have been dissolved. The parties reserve the right to address this discovery issue in the future.**

12. Do you anticipate entry of a Discovery Confidentiality Order? *See L. Civ. R.* 5.3(b) and Appendix S. **Yes [X]**   No [ ]

13. Do you anticipate any discovery problem(s) not listed above? Describe. Yes [ ] **No [X]**

14. State whether this case is appropriate for voluntary arbitration (pursuant to *L. Civ. R.* 201.1 or otherwise) or mediation (pursuant to *L. Civ. P.* 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (*i.e.*, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.). **The case may be appropriate for mediation at some point, but the parties are not currently requesting mediation.**

15. Is this case appropriate for bifurcation? **Yes [X]** No [ ] **This case is appropriate for bifurcation only as to the issue of punitive damages.**

16. An interim status/settlement conference (with clients in attendance), should be held **at the Magistrate's discretion**.

17. The parties **do not** consent to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference. **None.**

Respectfully submitted,

| | |
|---|---|
| **SMITH EIBELER, LLC** <br> *Attorneys for Plaintiff* | **FISHER PHILLIPS LLP** <br> *Attorneys for Defendant* |
| By: */s/ Meghan Chrisner-Keefe* <br> Meghan Chrisner-Keefe, Esq. | By: */s/ David E. Strand* <br> David E Strand, Esq. <br> Theresa J. D'Andrea, Esq. |
| **KLUGER HEALY LLC** <br> *Attorneys for Phil Frank* | |
| By: */s/Jillian T. Stein* <br> Jillian T. Stein, Esq. <br> William H. Healey, Esq. | |

FP 47225881.1